UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

SHEILA LANGFELDT-ABBOTT, )
)
        Plaintiff, )
)
vs. ) Case No.: 4:17-cv-4216
)
RYAN D. MCCARTHY, ACTING SECRETARY )
DEPARTMENT OF THE ARMY, and )
THE DEPARTMENT OF THE ARMY, )
)
        Defendant. )

## COMPLAINT AND JURY DEMAND

Now comes your plaintiff, Sheila Langfeldt-Abbott by and through her attorney Stephen T. Fieweger and for her complaint against the defendants Ryan D. McCarthy as Acting Secretary of Army and the Department of Army and in support thereof states as follows:

**Count I - Retaliation Against Department of Army in Violation of 42 USC §2000e-3**

1. That Sheila Langfeldt-Abbott is presently a resident of Davenport, Iowa and at all times material to this action.

2. That at the times material to this cause of action Sheila Langfeldt-Abbott has been employed by the Department of Army, previously in the Army Sustainment Command at the Rock Island Arsenal and presently employed as a GS-0501-15 Chief of Operations at the Department of Army's Indianapolis Indiana command.

3. That the defendant Ryan D. McCarthy is the Acting Secretary of Army and the Department of Army operates through its Army Sustainment Command at the Rock Island Arsenal.

4. That the defendant Department of Army through the Army Sustainment Command has engaged in retaliation against Sheila Langfeldt-Abbott, because of her past pursuit of sex and age discrimination and retaliation claims in cases pending before the United States District Court for the Central District of Illinois, 4:12-cv-04117 and 4:14-cv-04104 in violation of 42 USC §2000e-3.

5. That this court has subject matter jurisdiction over this case pursuant to 28 USC §1331 and 42 USC §2000e-1 et. seq.

6. That the defendant Department of Army has retaliated against plaintiff when it refused to place her in the position of Supervisory Logistics Management Specialist, GS-0346-15 on September 2, 2016 and instead placed an employee, Jody Fasko, who had vastly inferior qualifications when compared to Sheila, in that job position.

7. That the defendants' claimed legitimate business reason for placement of Jody Fasko in that position, namely that Fasko to be the most qualified candidate, is false and pretextual since when an objective observation of the qualifications and experience of both candidates is made, plaintiff's qualifications were vastly superior to those of the selected candidate Jody Fasko. In addition, at the time of the selection plaintiff was already in a GS-15 Chief of Operations position, a job that entails substantially more operational duties, responsibility for management of personnel and supervision over Army budget and contract expenditures, than the position of a Supervisory Logistics Management Specialist GS-0346-15 at the Army Sustainment Command. Sheila performs her present job duties at a level 1 excellence rating has been recommended for placement in a Senior Executive Service (SES) position.

8. That Sheila timely commenced her charge of retaliation with the Army's EEO office on September 9, 2016 and requested on January 16, 2017 a final Army decision without a

hearing. **Group Exhibit 1** a true and correct copy of plaintiff's request for Final Agency decision. More than 180 days have passed since the request for the Final Agency Decision and to date the Department of Army has not issued one. Plaintiff has therefore exhausted her administrative remedies.

9. That as a direct and proximate of the acts of retaliation plaintiff has sustained damages including severe emotional distress damages, aggravation of her pain and suffering and disability from her medical conditions that have arisen due to the stress from the retaliation, incurred traveling, relocation and living expenses all to her damages in an amount of $300,000.00 or the amount found by the trier of fact which are recoverable pursuant to 42 USC §1983a.

10. Plaintiff is also entitled to recover her attorney's fees, costs and expert witness fees, pursuant to 42 USC §1988. Plaintiff further requests the equitable relief of placement of a GS-15 position within the Department of Army at the Rock Island Arsenal or in lieu thereof front pay.

WHEREFORE, plaintiff Sheila Langfeldt-Abbott hereby requests that this court enter an order awarding her judgment against the defendant the Department of Army in an amount of $300,000.00, order equitable relief including placement in a GS-15 position in one of the Department of Army's Rock Island Arsenal Commands, award plaintiff her attorney's fees and costs, expert witness fees and costs of this action.

**Count II – Retaliation Against the Department of Army in Violation of 42 USC §2000e-3**

1-5. Plaintiff repeats and realleges paragraph 1 through 10 of Count I as paragraphs 1 through 5 herein.

3

6. That plaintiff was subjected to retaliation by the defendant the Department of Army when she was not selected for the Deputy Director to the G-8 Resource Management position on January 21, 2016, instead placing Cheryl Vincent a person with vastly inferior education, training and experience in such position in violation of 42 USC §2000e-3.

7. That the defendant Department of Army's reason for selection of Ms. Vincent, namely that she was the most qualified candidate for the position is false, and pretextual especially when an objective observation of the qualifications and experience of the candidates is made plaintiff's qualifications and experience were vastly superior to those of Vincent. Further, from July 3, 2013 through October 2015, Sheila was required to perform resource management duties which Vincent should have been performing.

8. That plaintiff Sheila Langfeldt-Abbott commenced timely her charge of discrimination with the Army EEO over her non-selection. That attached is **Exhibit 2** to this complaint is a true and correct copy of the plaintiff's Mach 29, 2016 formal complaint of discrimination and her request for final Agency decision without a hearing on September 2, 2016. More than 180 days have passed since the request for the final Agency decision, which the Department of Army has not issued and therefore plaintiff has exhausted her administrative remedies.

9. That as a direct and proximate result the defendant the Department of Army's retaliation against plaintiff for her pursuit of her prior lawsuits alleging discrimination plaintiff has sustained compensatory damages.

10. That as a direct and proximate of the acts of retaliation plaintiff has sustained damages including emotional distress damages, aggravation of her pain and suffering and disability from her medical conditions that have arisen due to the stress from the retaliation

incurred traveling and relocation and living expenses all to her damages in an amount of $300,000.00 or the amount found by the trier of fact which are recoverable pursuant to 42 USC §1983A.

11. Plaintiff is also entitled to recover her attorney's fees, costs and expert witness fees, pursuant to 42 USC §1988. Plaintiff further requests recovery of equitable relief in placement in a GS-15 position within the Department of Army at the Rock Island Arsenal or in lieu thereof front pay.

WHEREFORE, plaintiff Sheila Langfeldt-Abbott hereby requests that this court enter an order awarding her judgment against the defendant the Department of Army in an amount of $300,000.00, order equitable relief including placement in a GS-15 position at the Department of Army's Rock Island Arsenal Commands, award plaintiff her attorney's fees and costs, expert witness fees and costs of this action.

                                                 Sheila Langfeldt-Abbott, Plaintiff

                                                 /s/ Stephen T. Fieweger

Stephen T. Fieweger
5157 Utica Ridge Rd.
Davenport, IA 52807
Phone: 563.424.1982
Fax: 563.424.1983
Email: sfieweger@fiewegerlaw.com

5